## CIRCUIT COURT OF THE CITY OF RICHMOND

Lynn Stepp Mayo

v.

Leroy Joseph Mayo

February 23, 1978

Case No. G-1317-2

By JUDGE MARVIN F. COLE

On October 7, 1977, the plaintiff filed a Bill of Complaint asking for a divorce from bed and board from the defendant on the ground of desertion. The bill of complaint alleges that the plaintiff and the defendant last cohabited as wife and husband at 100 North Boulevard, Apt. 7, in the City of Richmond, Virginia.

On October 21, 1977, the defendant filed a Plea in Abatement alleging that the parties did not last cohabit as husband and wife in Richmond, Virginia, but in Louisa County, and that proper venue for the case was Louisa County, where the defendant resides and where the parties last cohabited as husband and wife.

On December 23, 1977, the defendant filed a Motion to Dismiss for improper venue and lack of jurisdiction.

On February 7, 1978, this cause came on to be heard upon the pleas of the defendant, heard evidence ore tenus from both parties and a witness on the question of venue only.

The sole question for determination by the court from the evidence presented at the hearing on February 7, 1978, is to decide where the parties last cohabited as husband and wife.

Section 20-96(B) of the Code of Virginia provides as follows:

The suit, in either case, shall be brought in the county or corporation in which the parties last cohabited.

In *Colley* v. *Colley*, 204 Va. 225 (1963), the court held that with respect to 20-98 (which is now 20-96(B)), the word "cohabit" should be given its literal meaning of having dwelled together under the same roof with more or less permanency.

The term imparts a dwelling together for some period of time, and does not include mere visits or journeys. A visit with each other, no matter how frequent, does not constitute cohabitation together as husband and wife.

The evidence presented by the parties is directly contradictory. If I believe the plaintiff, the parties did cohabit together as husband and wife in Richmond, Virignia. If I believe the defendant, he was visiting the plaintiff in Richmond and the parties did not cohabit together as husband and wife in Richmond, Virginia.

The defendant testified that the plaintiff wanted him to visit her and that he brought two pair of pants and two-three shirts with him to Richmond for the visit. He visited for five days, slept with her during this time, and then returned to the home of his parents in Louisa.

The plaintiff testified that she and her husband lived with the parents of the defendant in Louisa County. They lived in a trailer which had no bathroom and no water. For these purposes they had to go to the house of his parents. The wife raised objection to staying with his parents and he told her to leave. The facts concerning the leaving are not pertinent to this inquiry. She came to Richmond to live with her aunt at 100 N. Boulevard, Richmond, Virginia.

The husband worked in Richmond. He came by the home on the Boulevard several times. He talked to the wife on the phone and cried and asked if he could come back to her. The wife told him that she would take him back only if he could leave his mother's place. He agreed with her that he would move to Richmond.

The wife's aunt went to Louisa to get him and he brought with him clothes, dishes, sheets, pillow cases, T.V. and stereo. The wife was living in a furnished apartment and there was no need for furniture.

The wife testified that a permanent reconciliation was made and the husband moved in with her. She testi-

fied that they slept together and that she was trying her best to be a good wife during the five days that they were together.

Five days after moving in, the husband got up late on Sunday morning, threw up his hands, took his clothes, stereo and some other things and took off. He said he would get the rest of his things later. That night the aunt and wife carried the rest of his belongings (consisting of about a half a trunk full of things) to Louisa County.

The testimony of the wife is corroborated by the witness, Pearl Anderson, sufficiently for the court.

The court accepts the testimony of the wife and is of the opinion that the parties did in fact last cohabit as husband and wife in Richmond, Virginia.